UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT D. LURCH JR.,

                     Plaintiff,

        -against-

THE CITY OF NEW YORK; HOUSING
WORKS, INC.; ILEANA FIGUEROA;
SHIRLEY WONG; PETER ROMAN,

                     Defendants.

1:26-CV-3636 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Robert D. Lurch Jr. brings this action *pro se* seeking damages and asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and claims of disability discrimination under the Americans with Disabilities Act of 1990 and under the New York State Human Rights Law. He sues: (1) the City of New York; (2) "Housing Works, Inc." ("Housing Works") a private social-services organization; (3) Ileana Figueroa, a Housing Works Program Manager; (4) Shirley Wong, a Housing Works Program Manager who appears to be involved with New York City's Cannabis Reentry Employment Assistance and Training Experience ("CREATE") program; and (5) Peter Roman, a Housing Works Program Coordinator who also appears to be involved with the CREATE program.

By order dated May 6, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). The Court directs service on Defendants.

**DISCUSSION**

**A.     Service on the Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue a summons for each Defendant and to deliver to the USMS all the paperwork necessary for the USMS to effect service upon each Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Defendants until the Court reviewed the complaint and ordered that summonses be issued for Defendants. The Court therefore extends the time to serve Defendants until 90 days after the date that the summonses for Defendants are issued. If summonses and the complaint are not served on Defendants within 90 days from the date that the summonses for Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

**B.    City Bar Justice Center**

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal

Assistance Project to assist parties representing themselves with civil actions in this court.[2]

Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is unable to

complete this form, or if Plaintiff has questions about the form, he should call (212) 382-4794. A

flyer with details is attached.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issues summonses for Defendants City of

New York, Housing Works, Inc., Ileana Figueroa, Shirley Wong, and Peter Roman; (2) complete

the USM-285 forms with the addresses for these Defendants; and (3) deliver all documents

necessary to effect service of summonses and the complaint on these Defendants to the USMS.

Plaintiff may receive court documents by email by completing the form, Consent to

Electronic Service.[3]

SO ORDERED.

Dated:    June 30, 2026
          New York, New York

*Paul A. Engelmayer*
_____
PAUL. A. ENGELMAYER
United States District Judge

---

[2] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

[3] If Plaintiff consents to receive documents by email, he will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      The City of New York
        Law Department
        100 Church Street
        New York, New York 10007

2.      Housing Works, Inc.
        81 Willoughby Street
        Brooklyn, New York 11201

3.      Ileana Figueroa
        Housing Works Program Manager
        81 Willoughby Street
        Brooklyn, New York 11201

4.      Shirley Wong
        Housing Works CREATE Program Manager
        301 West 37th Street, 5th Floor
        New York, New York 10018

5.      Peter Roman
        Housing Works CREATE Program Coordinator
        301 West 37th Street, 5th Floor
        New York, New York 10018

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

_____
Telephone Number                              E-mail Address

_____
Date                                          Signature

Click Here to Save



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

### IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

PRO SE INTAKE WINDOW LOCATIONS:
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

MAILING ADDRESS:
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0136

rev. 3/5/21